IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

**FILED**

DEC 11 1998

DAVID W. ~~~~~
U. S. DISTRICT ~~~~~
E. DIST. NO. CAR

| | | |
|---|---|---|
| PALMERSTON SECURITIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | 5:98-CV-929-H(2) |
| PETER COKER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Palmerston Securities, Ltd. ("Palmerston"), for its complaint against Defendant

Peter Coker, states as follows:

## JURISDICTION AND VENUE

1. Palmerston Securities, Ltd. is a corporation organized and existing under the laws of

   the United Kingdom.

2. Peter Coker is an individual resident of Raleigh in the State of North Carolina.

3. The Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) in

   that the matter in controversy is between a citizen of a foreign state and a citizen of

   North Carolina and the amount in controversy exceeds the sum of $75,000, exclusive

   of interest and costs.

## CLAIM FOR RELIEF

4. On or about May 19, 1995, Palmerston invested the sum of $500,000 in two

   companies for the benefit of Coker and another individual, John L. Patten. This

   principal sum of $500,000 was to be repaid within ninety days, together with an

   additional sum as compensation to Palmerston. Coker and Patten failed to repay the

money owed to Palmerston within the ninety day period, and Palmerston then engaged in lengthy and time consuming efforts to recover the money owed by Coker and Patten.

5. In December 1997 Coker and Patten agreed to settle with Palmerston and to resolve all disputes and claims between them.

6. On or about December 5, 1997, Coker, Patten and Palmerston for valuable consideration executed an Agreement pursuant to which Coker individually agreed to pay to Palmerston the sum of $340,000 plus interest at the rate of LIBOR plus two percent. A true and correct copy of the Agreement is attached as Exhibit A.

7. On or about December 15, 1997, for valuable consideration Coker further agreed to deliver to Palmertson 6,000 shares of common stock in Remote Source Lighting International Incorporated, as evidenced by and subject to the terms of a Letter Agreement attached as Exhibit B.

8. Pursuant to the December 5 Agreement, Coker was to pay $125,000 on December 5, 1997, another $125,000 on January 16, 1998 and the final payment of $90,000 on February 13, 1998, plus accrued interest.

9. On or about February 26, 1998, counsel for Palmerston wrote to Coker that he was in default under the December 5, 1997 Agreement, that all amounts due under the Agreement were immediately due and payable, and demanded full payment. A copy of this demand is attached as Exhibit C.

10. On or about April 9, 1998, counsel for Palmerston wrote to Coker and demanded full payment of the outstanding amount of $340,000 plus interest from and after

December 20, 1997, in addition to delivery of 6,000 shares of the common stock of

Remote Source Lighting International, Inc. A copy of this letter is attached as

Exhibit D.

11. In May, 1998, Coker delivered to Palmerston 6,000 shares of common stock in

Remote Source Lighting.

12. As of the date of filing this Complaint, Coker has paid only $50,000 of the money

owed under the December 5 Agreement.

WHEREFORE, Palmerston requests that the Court enter judgment:

1.    Awarding Palmerston the principal sum of $290,000 plus interest from December

5, 1997, on the outstanding principal balance at the rate LIBOR rate plus 2%;

2.    Award Palmerston its reasonable attorneys fees; and

3.    Award such other and further relief as the Court deems just and proper.

Hayden J. Silver, III
State Bar No. 10037
Jeffrey M. Young
State Bar No. 21319

MOORE & VAN ALLEN, PLLC
Post Office Box 26507
Raleigh, North Carolina 27611-6507
Telephone: (919) 828-4481
Telefax: (919) 828-4254

ATTORNEYS FOR PLAINTIFF

# Note:
## This Is Only A Partially Scanned Document.

## Please See Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned